PER CURIAM:
Claimant brought this action for vehicle damage sustained when her vehicle struck a hole while she and her husband were traveling westbound on Route 101/1, locally known as 8,h Avenue, between 1st Street and 2nd Street in Huntington. Route 101/1 at this location is maintained by respondent in Cabell County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
Claimant’s husband appeared and testified as to the incident giving rise to this claim which occurred on March 18, 1999, at approximately 9:00 p.m. On the night in question, Ms. Murphy was operating her vehicle with her husband as her passenger. They were traveling westbound on Route 101/1 from their residence to the local Wal-Mart in her 1988 Chevrolet Beretta. Ms. Murphy and her husband frequently travel this portion of Route 101/1 which is a narrow, two-lane, second *220 priority road at the location of the incident. Mr. Murphy testified that the respondent had patched holes in the area in question, but the repairs did not last and the area was in a state of disrepair. As Ms. Murphy was driving her vehicle at a speed of about twenty-five to thirty miles per hour and she was about half a block from the traffic light at First Street, when her vehicle’s right front passenger tire suddenly struck a hole. Mr. Murphy described the hole as being about one foot in diameter and six to eight inches deep. After the sudden impact with the hole, Ms. Murphy maneuvered the vehicle to a safe location where she and her husband inspected the vehicle. The impact broke the aluminum rim and necessitated realignment of the vehicle. Since Ms. Murphy’s motor vehicle was insured only under a liability policy, she was responsible for the sustained loss estimated in the amount of $238.40. Eventually, Ms. Murphy sold the vehicle.
The position of respondent is that it did not have notice of the hole on Route 101/1 in Cabell County. According to respondent, Route 101/1 was taken into the State Road System on June 24, 1998. Since that time, respondent had conducted temporary hole repair activities with cold patch on four separate occasions prior to Ms. Murphy’s incident. Prior to March 18, 1999, respondent asserts that it did not have notice of the hole in question.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f t he de feet a nd a r easonable time to t ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the present claim, the evidence establishes that respondent had at least constructive notice of a hazardous condition on Route 101/1, and further, that it was negligent in its maintenance of Route 101/1. When respondent took Route 101/1 into the State Road System, it had sufficient time in which to inspect and make more permanent repairs to the road. Notwithstanding this finding of negligence on the part of respondent, the Court is also of the opinion that claimant also was culpable in the operation of her vehicle. She was in an area well known to her and she should have been aware of the hole in the road surface. Claimant should have been driving in a manner that took into consideration the then and there existing road conditions. In a comparative negligence jurisdiction such as West Virginia the negligence of a claimant can reduce or bar recovery in a claim. Based on the above, the Court finds that the negligence of claimant was equal to or greater than that of respondent. Consequently, the negligence of claimant is a complete bar to recovery in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.